26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Richard LIENEMANN, Individually and as Executor of the
Estate of Patricia A. Lienemann, Appellant,
v.
Steffanie D. KING; Charles R. Naekel; Cooper Communities,
Inc.; The Simmons Group Realtors; Shelter Mutual
Insurance Company, Defendants,
State Farm Fire and Casualty, Appellee.
 No. 93-3544.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 23, 1994.
Filed: June 17, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Lienemann, individually and as executor of Patricia Lienemann's estate, appeals the district court's[1] declaratory judgment applying Kansas law in this diversity action and concluding that State Farm Fire and Casualty (State Farm) fulfilled all obligations and duties owed to him under his underinsured motorist insurance policy. We affirm.
 
 
 2
 Mr. Lienemann filed a wrongful death action following the death of his wife in an automobile accident in Arkansas. The Lienemanns, Kansas residents, were passengers in an automobile driven by a third party when another automobile struck them. In settlement, State Farm refused to pay the policy limit for the underinsured motorist coverage it provided to the Lienemanns. Instead, State Farm deducted money paid by the two drivers' automobile insurers, based on two "anti-stacking" provisions in the Lienemanns' policy. State Farm and Mr. Lienemann agreed, as part of the settlement, that the court could determine whether State Farm owed any additional monies under the policy.
 
 
 3
 In a declaratory judgment, the district court recognized that Arkansas law[2] precludes but Kansas law[3] authorizes anti-stacking provisions. Applying Arkansas's choice-of-law rules for contract cases, the court concluded that Kansas had the more significant contacts. As the policy's provisions were permissible under Kansas law, the court determined that State Farm had fulfilled its obligations under the policy. On appeal, Mr. Lienemann argues the district court incorrectly categorized the case as a contract action, thereby applying the incorrect Arkansas choice-of-law rule.
 
 
 4
 "Federal district courts must apply the choice-of-law rules of the state in which they sit when jurisdiction is based on diversity of citizenship." See Whirlpool Corp. v. Ritter, 929 F.2d 1318, 1320 (8th Cir. 1991). As jurisdiction in this case is based on diversity, 28 U.S.C. Sec. 1332, this court must apply the choice-of- law rules of Arkansas, the situs of the district court.
 
 
 5
 Although this case arose out of an automobile accident, the sole issue is the validity of an insurance policy's anti-stacking provision. Therefore, the district court correctly applied Arkansas's "significant contacts" test to determine which state's law governs the validity of contract provisions. Whirlpool Corp., 929 F.2d at 1321 (applied significant contacts test in determining which state's law applied in a life insurance death benefit case); see McMillen v. Winona Nat'l & Sav. Bank, 648 S.W.2d 460, 462 (Ark. 1983) (applied significant contacts to determine validity of multi- state insurance contract). This test examines the "nature and quantity of each state's 'contacts' with the transaction at issue." Whirlpool Corp., 929 F.2d at 1321 (quoting Snow v. Admiral Ins. Co., 612 F. Supp. 206, 209 (W.D. Ark. 1985)).
 
 
 6
 As the district court correctly determined, Kansas has the more significant contacts in this case. The Lienemanns resided in Kansas both at the time the policy was issued and at the time of the accident. The insurance policy was issued to cover an automobile to be garaged in Kansas. Therefore, Kansas was the place "which the parties understood was to be the principal location of the insured risk during the term of the policy." See Restatement (Second) Conflicts of Laws, Sec. 193 (1971). That the accident occurred in Arkansas was merely by chance. Under Kansas law, the Lienemann's anti-stacking policy is valid, and thus State Farm has fulfilled its obligations under the insurance policy. We grant appellant's motion to supplement the record.
 
 
 7
 Accordingly, we affirm the district court's judgment.
 
 
 8
 A true copy.
 
 Attest:
 
 9
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas
 
 
 [2]
 See Ark. Code Ann. Sec. 23-89-209 (Michie 1992 & Supp. 1993)
 
 
 [3]
 See Kan. Stat. Ann. Sec. 40-284 (1993)